UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RAQUEL REYES**<br><br>    **Plaintiff**<br><br>v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of the Social Security**<br>**Administration**<br><br>    **Defendant** | § § § § § § § § § § § § § | **Civil No. SA 07 CA 0575 XR** |

**ORDER**

Plaintiff timely filed his objections to the Magistrate Judge's Report and Recommendation affirming the Commissioner's finding that Plaintiff is not disabled. Having reviewed the Report and Recommendation, Plaintiff's objections, the underlying case record, and the applicable law, the Court **AFFIRMS** the Commissioner's decision to deny benefits and **DENIES** Plaintiff's motion for remand. Judgment is entered for Defendant and against Plaintiff, each side to bear its own costs.

**I. PROCEDURAL BACKGROUND**

Plaintiff filed protective applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income ("SSI") benefits on August 19, 2004, alleging disability since July 10, 2002 in both applications.[1] The Social Security Administration ("SSA") denied benefits initially

---

[1] Transcript at 13, 61-63, and 215-217.

on October 15, 2004,[2] and upon reconsideration on January 13, 2005.[3]

On February 27, 2007, an Administrative Law Judge ("ALJ") held a hearing and considered Plaintiff's claims *de novo*.[4] The ALJ issued a written opinion on April 25, 2007, denying benefits on the ground that Plaintiff was not disabled under the Act.[5] Thereafter, Plaintiff requested Appeals Council review of the ALJ's decision, and on June 13, 2007, the Appeals Council concluded that no basis existed to grant review of the ALJ's decision.[6] Thus, the ALJ's April 25, 2007 determination became the final decision of the Commissioner.

Plaintiff appealed that decision to this Court, which referred the matter to the Magistrate Judge for a Report and Recommendation ("R&R"). Having found the R&R adverse to her position, Plaintiff filed objections with this Court, which are addressed below.

## II. STANDARD OF REVIEW

The Court's review of the Commissioner's decision to deny disability benefits is limited to a determination of whether (1) the decision is supported by the evidence, and (2) the Commissioner applied the proper legal standards in evaluating the evidence.[7] If the Commissioner's findings are supported by substantial evidence, the determination must be affirmed.[8] Evidence is considered substantial if it is more than a scintilla, less than a preponderance, and if a reasonable mind might

---

[2] *Id.* at 13, 28-34, and 219-225.

[3] *Id.* at 13, 36-40, and 226-231.

[4] *Id.* at 566-591.

[5] *Id.* at 13-23.

[6] *Id.* at 5-7.

[7] *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001).

[8] *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

accept it as adequate to support a conclusion.[9] A rejection of the Commissioner's findings is appropriate only if no credible choices or contrary medical evidence exists.[10]

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed.[11] The Court does not re-weigh the evidence, try the issues *de novo*, or substitute its judgement for the Commissioner's.[12] Any conflict in the evidence is for the Commissioner to resolve.[13] In determining whether substantial evidence supports the Commissioner's determination, the following four elements of proof are weighed: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education, and work experience.[14]

### III. LEGAL FRAMEWORK OF THE SOCIAL SECURITY ACT

The term "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[15] A person shall be determined to be disabled only if:

his physical or mental impairment or impairments are of such severity that he is not

---

[9] *Boyd*, 239 F.3d at 704.

[10] *Abshire*, 848 F.2d at 640.

[11] *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

[12] *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

[13] *Id*.

[14] *Martinez*, 64 F.3d at 174.

[15] 42 U.S.C. § 423 (d)(1)(A).

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.[16]

To determine if a claimant qualifies as disabled under the Social Security Act, the Commissioner makes the following sequential inquiry: (1) is the claimant engaged in substantial gainful activity; (2) does the claimant have a severe impairment; (3) does the impairment meet or equal an impairment listed in 20 C.F.R. § 404, Subpt. P, App. 1; (4) does the impairment prevent the claimant from doing past relevant work; and (5) does the impairment prevent the claimant from doing any other work.[17]  The claimant bears the burden of proving the first four requirements.  If the claimant establishes these elements, the burden then shifts to the Commissioner to prove that the impairment does not prevent the claimant from performing other jobs.[18]  If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work.[19]

## IV. PLAINTIFF'S OBJECTIONS

Plaintiff lodged two distinct objections to the Magistrate Judge's Report and Recommendation, being: (1) the Magistrate Judge misinterpreted the record to support a finding that *Dunbar v. Barnhard* and *Frank v. Barnhard* do not apply; and (2) the Magistrate Judge was incorrect in finding that the ALJ considered the findings of Dr. Christiansen.[20]  Each objection will be

---

[16] 42 U.S.C. § 423 (d)(2)(A).

[17] 20 C.F.R. §§ 404.1520, 416.920.

[18] *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

[19] *Id*.

[20] Docket No. 18.

addressed below.

## A.  Magistrate Judge's interpretation of the record in relation to *Dunbar v. Barnhard* and *Frank v. Barnhard*

The Fifth Circuit held, in *Watson v. Barnhart*, that an ALJ must make an affirmative finding that a claimant can obtain and *maintain* employment.[21] The court also held, however, in *Dunbar v. Barnhart*, that this affirmative finding is not needed in every case, only those in which the claimant's physical impairment waxes and wanes in severity.[22] Specifically, the court stated in *Dunbar* that it does not "require an explicit finding in every case that the claimant can not only engage in substantial gainful activity but maintain that employment as well."[23] Similarly, the court stated in *Frank v. Barnhart*, that "nothing in *Watson* suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case."[24]

Plaintiff argues that the medical evidence of record supports a finding that her condition does wax and wane in severity, thereby triggering the requirement from *Watson* that the ALJ find she can obtain and maintain employment.[25] Specifically, Plaintiff argues that, as a result of her migraine headaches, she is incapable of working on a full time basis.[26] Plaintiff points to the record to show that for extended periods of time, she would experience approximately one migraine per month.[27]

---

[21] *Watson v. Barnhart*, 288 F.3d 212, 217-218 (5th Cir. 2002).

[22] *Dunbar v. Barnhart*, 330 F.3d 670, 671 (5th Cir. 2003).

[23] *Id.* at 672.

[24] *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003).

[25] Docket No. 18.

[26] *Id*.

[27] Transcript at 428, 564.

A review of the ALJ's decision shows Plaintiff's complaints regarding the severity of her conditions, including her migraines, were expressly considered by the ALJ and found not entirely credible.[28] The findings of the ALJ are supported by substantial evidence in the record.  As recently as September 27, 2006, Dr. Altman, Plaintiff's treating specialist, reported her headaches to be well controlled on her medication.[29]  Similarly, on May 2, 2005, Dr. Altman noted that Plaintiff's migraines were well controlled by her medication, and that although she sometimes experienced one "breakthrough" headache per month, it was "easily dispatched" by her medication.[30]  It is well accepted that conditions which can be controlled by treatment are not considered disabling.[31] Furthermore, the medical record consistently shows Plaintiff experienced no side effects from her medications.[32]

In her decision, the ALJ properly considered Plaintiff's allegations regarding her limitations, and found them not to be disabling.  Therefore, Plaintiff has failed to identify a fact scenario in which the ALJ was required to demonstrate that Plaintiff could maintain an occupation. Accordingly, Plaintiff has not established that the ALJ committed reversible error.

---

[28] *Id*. at 18-19.

[29] *Id*. at 564.

[30] *Id*. at 428.

[31] *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988).

[32]  Transcript at 428, 527.

**B. Magistrate Judge's finding that the ALJ appropriately considered the opinions of Dr. Christiansen**

Plaintiff argues that the Magistrate Judge mistakenly found that the ALJ failed to afford proper consideration to the conclusions of Dr. Ammie Christiansen.[33] Dr. Christiansen opined in a one page medical form completed August 18, 2004, that Plaintiff was temporarily incapable of working on more than a part-time basis.[34] Plaintiff argues that the ALJ mistakenly attributed these findings to Ms. Forcier, a physical therapist, instead of to Dr. Christiansen.[35] Indeed, the ALJ makes no mention of Dr. Christiansen in her decision and specifically comments that the findings in question are those of a physical therapist, not a physician.[36]

A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence."[37] In the Fifth Circuit, an ALJ may reject an opinion of a claimant's treating physician if the opinion is either (1) not supported by medical evidence or (2) inconsistent with other substantial evidence on the record.[38]

Despite Plaintiff's argument that the ALJ failed to properly consider Dr. Christiansen's statements, a review of the decision shows that the ALJ expressly considered the conclusory opinion

---

[33] Docket No. 18.

[34] Transcript at 149.

[35] Docket No. 18.

[36] Transcript at 20.

[37] *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 200) (citing *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995)); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).

[38] *Newton*, 209 F.3d at 455; *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993).

held by Dr. Christiansen, and provided specific rationale for discounting the opinion, stating it was inconsistent with the substantial evidence of record.[39] The medical records support the ALJ's determination that Plaintiff was capable of performing at least a limited range of light level work. A July 2004 physical therapy evaluation indicated that the Plaintiff's gait was within normal limits and she was able to toe walk, lift 10 pounds with one hand, lift/carry 15 pounds with one or both hands for 30 feet, and lift 15 pounds overhead.[40] In addition, a September 2005 functional capacity evaluation revealed that Plaintiff could stand 4 hours a day, was able to walk 300 feet in a smooth, even cadence, and demonstrated little difficulty in lifting 10 pounds.[41]

Furthermore, the document completed by Dr. Christiansen was a brief, one page physician statement form without proper documentation to support its conclusions.[42] The Fifth Circuit has held that conclusory statements, like those found in the form, are entitled to little weight.[43] While the opinions of a claimant's treating physicians are "entitled to great weight", the ALJ can decrease reliance on a treating physician's testimony for good cause.[44] Good cause includes "disregarding statements [by a treating physician] that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by evidence."[45] In this case, the ALJ expressly considered the conclusions and provided a specific rationale for

---

[39] Transcript at 20.

[40] *Id.* at 245.

[41] *Id.* at 449-450.

[42] *See Id.* at 20.

[43] *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995).

[44] *Id.*

[45] *Id.* (quoting *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).

discounting them based on the medical evidence.[46]

The ALJ properly considered the conclusions held by Dr. Christiansen, but declined to afford them controlling weight because they were conclusory, inconsistent with the record, and not supported by objective findings. As a result, Plaintiff's argument that the ALJ failed to follow the proper legal standard fails.

## V.  CONCLUSION

In sum, the Court cannot conclude that the ALJ erred in determining that Plaintiff retained the residual functional capacity to perform work existing in significant numbers in the state and national economy. The ALJ's decision is supported by substantial evidence and comports with relevant legal standards.

Accordingly, Plaintiff's motion for remand is **DENIED**. The clerk is ordered to enter a judgment for Defendant and against Plaintiff, each side to bear its own costs.

It is so ORDERED.

SIGNED this 28th day of May, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[46] *See* Transcript 17-21.